UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DONNIE F. WEBB, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | No. 1:19-cv-4620 |
| | ) | |
| JOHN WHEELER, M.D., | ) | |
| BELINDA LI, M.D. and | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

**COMPLAINT AT LAW**

Now Comes, Plaintiff, DONNIE F. WEBB, by and through his attorneys, Karlin, Fleisher & Falkenberg, LLC, before this Court complaining of the Defendants, JOHN WHEELER, M.D., BELINDA LI, M.D., and UNITED STATES OF AMERICA, as follows:

**JURISDICTION AND VENUE**

1. Plaintiff is a resident of the City of Chicago, County of Cook, State of Illinois.

2. Plaintiff brings his claim against John Wheeler, M.D., Belinda Li, M.D., and United States of America, pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, et seq, and 28 U.S.C. §1346(b)(1), for monetary damages as compensation for medical negligence caused by acts and/or omissions of John Wheeler, M.D., Belinda Li, M.D., and the employees of United States of America.

3. Venue is proper in that all of the acts and/or omissions alleged herein occurred in the Northern District of Illinois, Eastern Division.

4. Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act.

5. Plaintiff served notice of his claim upon the Department of Veterans Affairs on or about June 29, 2017. The aforesaid Department acknowledge receipt of said claim in writing on or about July 5, 2017. Over six months have lapsed without a written final denial of the aforesaid claim, making this Complaint timely and compliant with 28 U.S.C. 2675.

## **FACTUAL BASIS OF THE CLAIM**

### COUNT I

6. On or about July 16, 2015, Plaintiff, DONNIE F. WEBB, presented to the Hines VA Hospital in the unincorporated community of Hines, County of Cook, State of Illinois, for surgical placement of a penile prosthesis.

7. Defendant, BELINDA LI, M.D., was the surgeon for the aforesaid procedure, and Defendant, JOHN WHEELER, M.D., was the attending for the aforesaid procedure.

8. At all times relevant herein, Defendants, BELINDA LI, M.D. and JOHN WHEELER, M.D., were actual and/or apparent agents and/or employees of Defendant, UNITED STATES OF AMERICA.

9. On that date, Defendants, BELINDA LI, M.D. and JOHN WHEELER, M.D., had a duty to act in a reasonably careful manner in their care and treatment of Plaintiff, DONNIE F. WEBB.

10. Despite the aforesaid duty, Defendants, BELINDA LI, M.D. and JOHN WHEELER, M.D, breached their duty to Plaintiff, DONNIE F. WEBB, in the following respects:

    a. Failed to empty Plaintiff's bladder prior to the procedure using a catheter;

    b. Failed to abort the procedure, once the bladder was punctured/lacerated; and

    c. Placed a malleable penile prosthesis.

11. As a direct and proximate result, on July 16, 2015, Defendants, BELINDA LI, M.D. and JOHN WHEELER, M.D., punctured/lacerated Plaintiff's bladder during the aforesaid surgery and Plaintiff did not receive an inflatable penile prosthesis.

12  As a direct and proximate result of that bladder puncture, the recovery therefrom, and the resulting lower extremity weakness, Plaintiff, DONNIE F. WEBB, has been required to seek medical care and will in the future require medical care; has suffered pain and discomfort and will in the future continue to suffer pain and discomfort; has lost wages and will in the future lose wages; has been prevented in engaging in activities of his daily life and will in the future be prevented from engaging in activities of his daily life; and has experienced disfigurement, all as a result of Defendants' conduct, as aforesaid.

WHEREFORE, Plaintiff, DONNIE F. WEBB, prays that this Court enters Judgment against the Defendants, BELINDA LI, M.D. and JOHN WHEELER, M.D., for damages in excess of five hundred thousand dollars ($500,000.00), plus costs of this suit, and grants such other, further, and different relief as this Court deems equitable and just under the circumstances.

## COUNT II

13. On or about July 16, 2015, Plaintiff, DONNIE F. WEBB, presented to the Hines VA Hospital in the unincorporated community of Hines, County of Cook, State of Illinois, for surgical placement of a penile prosthesis.

14. At all times relevant herein, Defendant, UNITED STATES OF AMERICA, owned and/or operated the aforesaid Hines VA Hospital.

15. At all times relevant herein, BELINDA LI, M.D. and JOHN WHEELER, M.D. were actual and/or apparent agents and/or employees of Defendant, UNITED STATES OF AMERICA.

16. BELINDA LI, M.D., was the surgeon for the aforesaid procedure, and JOHN WHEELER, M.D., was the attending for the aforesaid procedure.

17. On the aforesaid date, Defendant, UNITED STATES OF AMERICA, acting by and through its actual and/or apparent agents and/or employees, including but not limited to BELINDA LI, M.D. and JOHN WHEELER, M.D., had a legal duty requiring its agents or employees to act in a reasonably careful manner in their care and treatment of Plaintiff, DONNIE F. WEBB.

18. Despite the aforesaid duty, Defendant, UNITED STATES OF AMERICA, acting by and through its actual and/or apparent agents and/or employees, including but not limited to BELINDA LI, M.D. and JOHN WHEELER, M.D., breached its duty to Plaintiff, DONNIE F. WEBB, in the following respects:

   a. Failed to empty Plaintiff's bladder prior to the procedure using a catheter;

   b. Failed to abort the procedure, once the bladder was punctured/lacerated; and

      c.      Placed a malleable penile prosthesis.

19.      As a direct and proximate result, on July 16, 2015, Defendant, UNITED STATES OF AMERICA, acting by and through its actual and/or apparent agents and/or employees, including but not limited to BELINDA LI, M.D. and JOHN WHEELER, M.D., punctured/lacerated Plaintiff's bladder during the aforesaid surgery and Plaintiff did not receive an inflatable penile prosthesis.

20      As a direct and proximate result of that bladder puncture, the recovery therefrom, and the resulting lower extremity weakness, Plaintiff, DONNIE F. WEBB, has been required to seek medical care and will in the future require medical care; has suffered pain and discomfort and will in the future continue to suffer pain and discomfort; has lost wages and will in the future lose wages; has been prevented in engaging in activities of his daily life and will in the future be prevented from engaging in activities of his daily life; and has experienced disfigurement, all as a result of Defendants' conduct, acting by and through its actual and/or apparent agents and/or employees, as aforesaid.

WHEREFORE, Plaintiff, DONNIE F. WEBB, prays that this Court enters Judgment against the Defendant, UNITED STATES OF AMERICA, for damages in excess of five hundred thousand dollars ($500,000.00), plus costs of this suit, and grants such other, further, and

different relief as this Court deems equitable and just under the circumstances.

                                      DONNIE F. WEBB, Plaintiff

                                      /s/Brian K. Hetzer
                                      Brian K. Hetzer
                                      Karlin, Fleisher & Falkenberg, LLC
                                      His Attorneys

## **JURY DEMAND**

Plaintiff demands a trial by jury of twelve on each and every count of his complaint.

                                      DONNIE F. WEBB, Plaintiff

                                      /s/Brian K. Hetzer
                                      Brian K. Hetzer
                                      Karlin, Fleisher & Falkenberg, LLC
                                      His Attorneys

---

Brian K. Hetzer (ARDC: 6292998)
Karlin, Fleisher & Falkenberg, LLC
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
bkh@kff-law.com

## **A F F I D A V I T**

Brian K. Hetzer, being first duly sworn, states as follows:

I am an attorney employed by KARLIN, FLEISHER & FALKENBERG, LLC, who are the attorneys for Donnie F. Webb.

I have consulted and reviewed the facts of the case with a healthcare professional whom I believe is knowledgeable in the relevant issues in this particular action, practices, or has practiced in the last five years, in the same area of medicine that is at issue in this particular action and is qualified by experience in the subject of this case.

The reviewing healthcare professional has determined in a written report, after a review of the medical record, that there is a reasonable and meritorious cause for the filing of such an action.

I have concluded on the basis of the reviewing healthcare professional's review and consultation, that there is a reasonable and meritorious cause for the filing of this action.

A copy of the reviewing healthcare professional's report is attached to this Affidavit.

Under penalties as provided by law pursuant to 735 ILCS 5/1-109, I certify that the statements set forth herein are true and correct.

/s/ Brian K. Hetzer
Brian K. Hetzer

KARLIN, FLEISHER & FALKENBERG, LLC
Attorneys for Plaintiff
111 W. Washington, Suite 950
Chicago, IL 60602
312-346-8620
Attorney Code #49163

May 22, 2017

Mr. Daniel R. McLean
Karlin, Fleisher & Falkenberg, LLC
111 W. Washington, Suite 950
Chicago, IL 60602

      RE:    Your Client:    Donnie Webb
                Your File No.: 20858

Dear Mr. McLean:

I am a physician licensed to practice medicine in all of its branches and I have practiced in the last 6 years in the field of urology. I am knowledgeable concerning the standard of care, methods, procedures and treatment as they relate to the issues of care and treatment involved in this case. I have also read and reviewed documents previously forwarded to me pertaining the care of Donnie Webb including the records from Hines VA Hospital, Dr. John Wheeler, M.D., and Belinda Li, M.D..

Based upon my education, training and experience and my review of the aforesaid medical records, it is my opinion based upon a reasonable degree of medical certainty that the care provided by Belinda Li, M.D. and John Wheeler, M.D. at Hines VA Hospital fell below the standard of care and as such, there is a reasonable and meritorious basis for the filing of an action against Dr. Belinda Li, M.D., John Wheeler, M.D., and Hines VA Hospital.

On July 16, 2015 Donnie Webb presented to Hines VA Hospital for surgical placement of an inflatable penile prosthesis. On July 16, 2015 Belinda Li, M.D. and John Wheeler, M.D. attempted to perform an inflatable penile prosthesis placement on Donnie Webb and punctured and/or lacerated the patient's bladder during this attempted surgery. At which time, Belinda Li, M.D. aborted the inflatable penile prosthesis and chose to proceed with a malleable penile prosthesis placement. After this procedure wherein a different penile prosthesis was placed and Mr. Webb's bladder was punctured/lacerated, Mr. Webb experienced significant complications including but not limited to lower extremity weakness and required an in-patient hospital stay and extensive rehabilitation.

Had the patient's bladder been voided with a catheter prior to the procedure as the standard of care required, then the bladder more likely than not would not have been injured in the inflatable penile prosthesis placement surgery. After the discovery of the puncture/laceration to Mr. Webb's bladder during the surgery, the standard of care requires said surgery to be aborted at that time. Instead, Dr. Li proceeded and aborted only the inflatable penile pump prosthesis placement which the patient wanted and placed the malleable penile prosthesis instead. Had the penile prosthesis placement surgery been aborted when the injury to the bladder was discovered, Mr. Webb would have had the option to undergo an inflatable penile prosthesis placement in the future. Had the inflatable penile pump prosthesis placement surgery been aborted when the bladder injury was discovered, the extent of the injuries sustained could have been significantly reduced. The prognosis is improved and the treatment options available to Mr. Webb are increased if the bladder is not injured in the surgery at issue.

As such, there is a meritorious basis for the filing of a claim against Belinda Li, M.D., John Wheeler, M.D., and Hines VA Hospital for the above mentioned violations in the standard of care which occurred during their care and treatment of Donnie Webb on July 16, 2015.

Please call if you require anything further.

Sincerely,